UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Rodney Lloyd, | Civil No. 11-1264 (DWF/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Wendy Roal, Warden | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner Rodney Lloyd's ("Lloyd") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Lloyd claims that the federal Bureau of Prisons ("BOP") has incorrectly computed the term of his prison sentence. Respondent has filed a Response opposing Lloyd's Petition. The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be denied and dismissed with prejudice.

**I.  FACTUAL BACKGROUND**

Lloyd is a federal prisoner who was confined at the Federal Prison Camp-Duluth ("FPC-Duluth") at the time he filed the habeas petition. (Petition, Doc. No. 1).[1] Lloyd is serving a 262-month prison term that will be followed by five years of supervised release.

---

[1]  The proper Respondent for a habeas corpus petition under 28 U.S.C. § 2241 is the warden of the facility where the inmate is confined at the time his petition was filed. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). At Respondent's request, this Court substitutes Wendy Roal, Warden of FPC-Duluth as Respondent.

1

(Declaration of Alan Ray ("Ray Decl.") Doc. No. 7, ¶3, Attach. F, Final Order Regarding Motion for Sentence Reduction).

Lloyd was arrested by the Hawk County Sheriff's Department in Waterloo, Iowa on February 24, 1992 for Interference with Official Acts and Simple Assault.  (Ray Decl. ¶3, Attach. A, Black Hawk County Sheriff's Dept. Arrest History).  He was processed and released that day, and later convicted and sentenced to pay a fine.  (Id.)  Lloyd was arrested by the Chicago Police Department and charged with Mob Action on April 25, 1992.  (Id. ¶4, Attach. B, City of Chicago/Dept. of Police/Identification Section, p. 2). Lloyd was next arrested by federal authorities on cocaine charges, on May 12, 1992, and was released on bond on May 18, 1992.  (Id. ¶5, Attach. C, United States Marshals Service Prisoner Tracking System, p. 2).

Then, Lloyd was arrested by the Chicago Police Department on August 7, 1992, for possession with intent to deliver a controlled substance, but the charges were later dismissed.  (Id. ¶6, Attach. B, p. 3).  Lloyd was once again arrested by the Chicago Police Department on September 23, 1992, for aggravated battery.  (Id. ¶7, Attach. B, p. 3).  He was released the same day without being charged.  (Id.)  Lloyd was arrested by the Chicago Police Department again on November 26, 1992, for kidnapping and unlawful restraint. (Id. ¶8, Attach. B, p. 3).  Lloyd was then sentenced on August 9, 1993, by the State of Illinois to one year of imprisonment for the charge of unlawful restraint, and the charge of kidnapping was not prosecuted.  (Id.)

On October 7, 1993, Lloyd was borrowed from state authorities for prosecution on the federal charges pursuant to a federal writ of habeas corpus as prosequendum.  (Id.

¶9, Attach. C, p. 2).   On January 27, 1994, Lloyd was sentenced in the United States District Court, Northern District of Iowa to a 324-month term of imprisonment with all counts to run concurrently, for conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(B)(iii) and 846.   (Id. ¶9, Attach. D, Judgment in a Criminal Case).   Lloyd was returned to state custody on February 15, 1994.   (Id., Attach. C, p. 2).

Lloyd was sentenced by the State of Illinois to a five-year term of imprisonment on June 6, 1994, for delivery of a controlled substance.   (Id. ¶10, Attach. E, BOP Memorandum).   Lloyd was given credit toward only his state sentences beginning November 19, 1992, until he was released to the United States Marshals Service on November 18, 1994, to serve his federal sentence.   (Id.)   Then, on August 19, 2008, the United States District Court, Northern District of Iowa reduced Lloyd's federal sentence from 324 months to 262 months.   (Id. ¶11, Attach. F).

The BOP completed a sentence computation, in accordance with Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and determined that Lloyd's federal sentence commenced on November 18, 1994, the date he was released from state custody.   (Id. ¶12).   Lloyd was given eleven days[2] of prior custody credit, and his projected release date with good conduct time is January 1, 2014. (Declaration of Julie Groteboer, ("Groteboer Decl.,") Doc. No. 6, Attach A, Public Information Data, p. 3).   Lloyd was not given prior custody credit for November 26, 1992

---

[2]   The eleven days that were credited were February 24, 1992; April 25, 1992; May 12-18, 1992; August 7, 1992; and September 23, 1992.   (Groteboer Decl., Attach. A, p. 3).

through November 18, 1994, because the state applied credit for this time toward Lloyd's state sentence. (Ray Decl. ¶12). Lloyd exhausted his administrative remedies with the BOP regarding his claim for additional credit for time served. (Groteboer Decl. ¶4, Attach. B, Administrative Remedy Generalized Retrieval Data Form).

Petitioner filed the current federal habeas corpus petition under 28 U.S.C. § 2241 on May 16, 2011. (Petition). Lloyd alleges he did not receive "credit for detention time from Illinois State Court until 06-06-1994." (Petition, Doc. No. 1-1, p. 1). Lloyd also alleges, "I was sentenced 06-06-1994 to five years to run concurrent with time serv [sic] in Illinois after my Federal sentence was imposed. Without any jail credit my Federal sentence of 27 years imposed, I will have to serv [sic] 29 years." (Id.)

Respondent filed a Government Response to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ("Gov't Resp.," Doc. No. 5). Respondent argues it correctly determined that Lloyd's federal sentence began to run on November 18, 1994, when he was received into the custody of the Attorney General after serving his state sentences. (Gov't Resp., pp. 10-13). Respondent also contends it correctly applied eleven days of presentence credit to Lloyd's federal sentence in accordance with 18 U.S.C. § 3585(b). (Id., pp. 13-16).

## II. DISCUSSION

An inmate may challenge the BOP's computation of his sentence pursuant to 28 U.S.C. § 2241. United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006) cert. denied, 549 U.S. 1152 (2007) ("Prisoners are entitled to administrative review of the computation of their credits . . . and after properly exhausting these administrative remedies, an inmate

may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241"); Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002)("A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated . . . ") The computation of a federal sentence is governed by 18 U.S.C. § 3585, which defines when a federal sentence commences and establishes when a defendant is entitled to credit for time spent in official detention prior to the commencement of the sentence.

18 U.S.C. § 3585(a) provides that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." The federal sentence cannot commence prior to the date it is pronounced. Sisemore v. Outlaw, 363 Fed. Appx. 424, 424-25 (8th Cir. Feb. 3, 2010) (per curiam) (citing Coloma v. Holder, 445 F.3d 1282, 1283-84 (11th Cir. 2006) (per curiam) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)); Schleining v. Thomas, 642 F.3d 1242, 1244 (9th Cir. 2011) (citing Unites States v. Gonzalez, 192 F.3d 350, 355 (2nd Cir. 1999) and Flores, 616 F.2d at 841). Therefore, the BOP properly commenced Lloyd's federal sentence on November 18, 1994, when he was released to the United States Marshals Service to serve his federal sentence. (Ray Decl. ¶10).

18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time that he has spent in official detention prior to the date the sentence commences . . . **that has not been credited against another sentence**." [emphasis added]. "Congress made clear that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329,

337 (1992); see also U.S. v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993) (citing McIntyre v. United States, 508 F.2d 403, 404 (8th Cir.), cert. denied, 422 U.S. 1010 (1975) "federal prisoner not entitled to credit on a federal sentence when he received credit toward his state sentence for that same time period.)

Lloyd is not entitled to additional credit for time served because he was given credit for November 19, 1992 through November 18, 1994 against his state sentences.  (Ray Decl. ¶10, Attach. E).   The BOP properly credited eleven days, which were not credited against Lloyd's state sentences, to his federal sentence.   Therefore, this Court recommends that Lloyd's Petition be denied and that this action be dismissed with prejudice.

### III.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Wendy Roal, Warden of FPC-Duluth be substituted as Respondent;

2. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] be **DENIED;** and

3. This action be **DISMISSED WITH PREJUDICE.**


Dated:   February 6, 2012                              s/Leo I. Brisbois
                                                       LEO I. BRISBOIS
                                                       United States Magistrate Judge


**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 20, 2012**, a writing

that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.