UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rodney Lloyd,                                                                   Civil No. 11-1264 (DWF/LIB)

            Petitioner,

v.                                                                    **ORDER ADOPTING REPORT**
                                                                           **AND RECOMMENDATION**
Wendy Roal, Warden,

            Respondent.

This matter is before the Court upon Petitioner Rodney Lloyd's ("Petitioner") objections to Magistrate Judge Leo I. Brisbois's February 6, 2012 Report and Recommendation insofar as it recommends that: (1) Wendy Roal, Warden of FPC-Duluth be substituted as Respondent; (2) Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied; and (3) this action be dismissed with prejudice. Respondent filed a response to Petitioner's objections on February 28, 2012. (Doc. No. 15.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Petitioner's objections.

Magistrate Judge Brisbois correctly determined that: (1) Petitioner received the credit that he was entitled to for his state sentence for the entire period (both before and

after his state court sentencing on June 6, 1994);  and (2) 18 U.S.C. § 3585(b) is clear in its meaning that a defendant in the position of the Petitioner cannot receive credit toward his federal sentence for time already credited to a state sentence which is oftentimes referred to as a prohibition on receiving double credit.  The Court finds and concludes, as the Magistrate Judge did, that the time periods that the Petitioner has identified have already been applied toward his state sentence.  Specifically, the Court concludes, as Magistrate Judge Brisbois did, that Petitioner received proper credit for the period from November 19, 1992 to June 6, 1994.  Petitioner also received proper credit for the period of November 18, 1994 to December 7, 1994.  Finally, the record before the Court does not reflect that the federal sentence should run concurrently with any related state sentence.  With respect to the issue of concurrent versus consecutive, 18 U.S.C. § 3584(a) states, in pertinent part as follows:  "Multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently." For these reasons, the Court has respectfully denied the relief requested by the Petitioner.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

# ORDER

1. Petitioner Rodney Lloyd's objections (Doc. No. [13]) to Magistrate Judge Leo I. Brisbois's February 6, 2012 Report and Recommendation are **DENIED**.

2. Magistrate Judge Leo I. Brisbois's February 6, 2012 Report and Recommendation (Doc. No. [12]), is **ADOPTED**.

3. Wendy Roal, Warden of FPC-Duluth is substituted as Respondent.

4. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. [1]) is **DENIED**.

5. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: March 2, 2012         s/Donovan W. Frank
                             DONOVAN W. FRANK
                             United States District Judge